```
          COURT OF COMMON PLEAS
          HAMILTON COUNTY, OHIO
                  - - -
STATE OF OHIO,              :
         Plaintiff.         :
vs.                         :Case Number B1003262
RUBEN JORDAN,               :Appeal Number C1100833
         Defendant.         :Volume X of X


                  - - -
          TRANSCRIPT OF PROCEEDINGS
                  - - -
APPEARANCES:
     Seth S. Tieger, Esq.
     Megan E. Shanahan, Esq.
         On behalf of the State of Ohio.

     Michele Berry, Jr., Esq.
         On behalf of the Defendant.


          BE IT REMEMBERED that upon the hearing
of this cause, on October 7, 2011, before the
Honorable NADINE L. ALLEN, a judge of the said
court, the following proceedings were had, to
wit:
```

MORNING SESSION, October 7, 2011

THE COURT: This is the matter of State vs. Ruben Jordan on B1003262. This is the Court's decision. This matter is before the Court on the defendant's February 27, 2011 Motion for New Trial.

Based upon the evidence submitted, this Court finds that the motion is not well taken and is denied.

The primary argument presented by defendant is that the playing of the tape with a witness' prior inconsistent statement to the jury was a violation of Ohio Rules of Evidence 613(B), even though the tape was not admitted into evidence as an exhibit.

On this point, the Ohio Supreme Court has ruled that when a case of a witness' prior inconsistent statement is played for the jury, but not admitted into evidence, there is no error by this Court.

That's State v. Keith, 79 Ohio St.3d 526, and it's cited in this decision.

1  In another upheld appellate
2  decision the Court ruled that even when
3  the prior inconsistent statement was
4  erroneously admitted into evidence, in
5  violation of Ohio Rules of Evidence
6  613(B), that error was harmless.
7  State v. Hill, 2004-Ohio-2948 2nd
8  District. A witness' prior inconsistent
9  statement may be used for impeachment
10 purposes even when the witness admits the
11 statement. State v. Johnson, 1983 case,
12 10 Ohio App. 3d 14.
13 And in contrast, in State v.
14 Carusone, 2003-Ohio-1018, that's a 1st
15 Appellate District decision. The Court
16 ruled prior inconsistent statements may
17 only be used as extrinsic evidence when
18 the proper foundation is laid under Ohio
19 Rules of Evidence 613(B). However the
20 Carusone ruling was extrinsically based
21 on other factors. And the statement in
22 that case included other bad acts that
23 the prosecutor incited the jury to
24 consider the statement purely as proof of
25 the defendant's guilt and that the Judge

```
 1            did not give the jury a curative
 2       instruction.
 3            The defendant also argued that the
 4       prosecutor remarked in closing argument
 5       inviting the jury to consider the taped
 6       statement as substantive evidence were
 7       overly prejudicial.
 8            In this case the prosecutor also
 9       told the jury that the same statement
10       should be used for impeachment purposes
11       only.  Additionally, this Court gave a
12       curative instruction that the statement
13       shall only be considered for impeachment
14       purposes following the Keith case.
15            The defendant claims that the
16       motion should be granted because
17       compelling new evidence of the
18       defendant's innocence has emerged based
19       upon the confession of Kareem Gilbert.
20            The transcript of the proceedings
21       in the case of Kareem Gilbert does not
22       reveal a confession since the exculpatory
23       statements were made by Defendant
24       Gilbert's attorney in mitigation;
25       therefore, the motion is denied as it
```

```
 1      fails to meet the Petro standard.  In
 2      State vs. Petro, 76 N.E.2d 370 it is so
 3      ordered.
 4              Counsel, I'm going to prepare a
 5      written document for you and send it in
 6      the mail.  Thank you.
 7              Who's on the case today?
 8              MR. TIEGER:  Seth Tieger.
 9              MS. SHANAHAN:  And Megan Shanahan.
10              THE COURT:  And for the defendant?
11              MS. BERRY:  Michele Berry.
12              THE COURT:  Thank you for your
13      presence.  There is also an appeal going
14      on, is there not?
15              MS. BERRY:  There will be now.
16              THE COURT:  And all these matters
17      will be assumed that it will be appealed
18      and you're going to handle the appeal?
19              MS. BERRY:  Yes.  Now that this
20      decision has come down it will be
21      appealed.
22              (Proceeding concluded.)
23
24
25
```

995

1                        CERTIFICATE
2           I, SHERI D. RENKEN, RMR, the
3  undersigned, an Official Court Reporter for the
4  Hamilton County Court of Common Pleas, do hereby
5  certify that I transcribed Pat Nash's notes, and
6  that the transcribed within five pages is a
7  true, complete, and accurate transcript of her
8  said stenotype notes.
9           IN WITNESS WHEREOF, I hereunto set my
10 hand this 26th day of January, 2012.


                    _____
                    SHERI D. RENKEN, RMR
                    Official Court Reporter
                    Court of Common Pleas
                    Hamilton County, Ohio