# IN THE
## UNITED STATES DISTRICT
## FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------

## CASE NO. 1:14-cv-00068
### Judge Michael Barrett
### Magistrate Judge Michael R. Merz

## RUBEN JORDAN,
### *Petitioner*,

## v.

## WARDEN, LEBANON CORRECTIONAL INSTITUTION,
### *Respondent.*

---------------------------------------------

## PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S SUPPLEMENTAL REPORT & RECOMMENDATIONS

Michele Berry Godsey
The Law Office of Michele L. Berry, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com
mberrylaw2007@gmail.com
***Counsel for Petitioner Ruben Jordan***

# **TABLE OF CONTENTS**

Objection 14: The Supplemental Report's conclusion that Jordan did not provide authority or citations to support his arguments ignores that Jordan incorporated by reference the relevant arguments from previous filings to this Court……………………………………………….1

Objection 15:  The Supplemental Report incorrectly finds that Jordan's case fails on the merits in all instances where procedural defaults did not preclude a merits review………………………...1

Objection 16: The Supplemental Report and Recommendations' application of *Harris v. Reed* to Ground One is flawed in light of the identical standards that exist in the State of Ohio for plain error review versus a merits review of prosecutorial misconduct claims.  A proper application of *Harris* reveals that the contemporaneous objection rule either: (1) is not an adequate and independent state procedural bar in the circumstances of Petitioner Jordan's case (when the standard to address properly preserved prosecutorial misconduct claims is identical to plain error review); or (2) the contemporaneous objection rule was not *actually* enforced in this case. Therefore, Ground One is properly before this Court, and this Court should conduct a review on the merits. (addressing Doc. 22, PageID1608-1613)……………………………………..……….4

Objection 17:  The Supplemental Report's conclusions that Petitioner Jordan failed to fairly present Ground Four as a constitutional claim at all levels of state court is incorrect and strays from U.S. Supreme Court precedent as to what constitutes "fair presentation." (addressing Doc. 22, PageID1615-1618)……………………………………………………………………………….9

Objection 18:  The Supplemental Report's application of *Harris v. Reed* to Ground Four is flawed in light of the identical standards that exist in the State of Ohio for plain error review versus a merits review of the evidentiary error at issue in Ground Four. (addressing Doc. 22, PageID1614-1615, 1620-1621)……………………………………………………………………….9

Objection 19:  The Supplemental Report incorrectly concludes that Petitioner Jordan's timely Motion for New Trial and its Supplements to the state court did not cure the lack of contemporaneous objection with respect to Ground Four.  To the contrary, a timely new trial motion filed in trial court satisfies the Ohio common law policy underlying Ohio's Crim. R. 52 (plain error), such that the state appellate court should not have applied plain error review to Ground Four in light of Jordan's Motion for New Trial and its Supplements. This Court should review Ground Four on the merits. (addressing Doc. 22, PageID1615-1617, 1620-1621)……...11

Objection 20:  If this Court finds that the state court addressed the federal claims in Ground Four, then its decision was contrary to or an unreasonable application of Supreme Court precedent. However, if this Court determines that the state court did not address the federal claims in Ground Four, then this Court should conduct a *de novo* review and find that Jordan's trial was fundamentally unfair in violation of his due process rights as a result of the improper admission of Gilbert's recorded statement into evidence and the jury's review of this statement during deliberations. (addressing Doc. 22, PageID1618-1619)…………………………….……………...13

Objection 21:  The Supplemental Report is incorrect to continue to rely on the false hypothetical premise that the jury would have heard the content of the improperly admitted recorded statement from Gilbert if the prosecutor conducted a line-by-line cross-examination of Gilbert concerning this prior statement.  Likewise, the Supplemental Report is incorrect to continue to use this false hypothetical premise as a basis to minimize the prejudice suffered as a result of the improper admission of the Gilbert's recorded statement and the jury's review of said statement during deliberations. (addressing Doc. 22, PageID1618-1619)…………………………......…...15

Objection 22:  The Supplemental Report incorrectly concludes that Petitioner Jordan's timely Motion for New Trial and its Supplements to the state court did not cure the lack of contemporaneous objection with respect to Ground Five.  To the contrary, a timely new trial motion filed in trial court satisfies the Ohio common law policy underlying Ohio's Crim. R. 52 (plain error), such that the state appellate court should not have applied plain error review to Ground Five in light of Jordan's Motion for New Trial and its Supplements. This Court should review Ground Five on the merits. (addressing Doc. 22, PageID1621-22)……………………...18

Objection 23:  The Supplemental Report incorrectly concludes that Ground Six, Subclaim One (ineffective assistance for failure to object to the admission of Gilbert's statement) is procedurally defaulted by abandonment in the Ohio Supreme Court. This Court should review all subclaims of Ground Six on the merits. (addressing Doc. 22, PageID1622-1624)………......…19

CONCLUSION……………………………………………………………………………..20

CERTIFICATE OF SERVICE……………………………………………………………..21

In response to the Magistrate's Supplemental Report and Recommendations, Petitioner

Ruben Jordan presents the following additional Objections in the Memorandum in Support that

follows. The Objections are numbered 14 through 23, because they are in addition to Objections 1

through 13 raised in response to the Magistrate's original Report and Recommendations. Petitioner

Jordan hereby renews Objections 1 through 13 found in Doc. 19, and respectfully requests an

opportunity to amend this filing in the event the Court permits Jordan only one combined set of

Objections to the Report and Recommendations and Supplemental Report and Recommendations.

## MEMORANDUM IN SUPPORT

**Objection 14: The Supplemental Report's conclusion that Jordan did not provide authority or citations to support his arguments ignores that Jordan incorporated by reference the relevant arguments from previous filings to this Court.**

**Objection 15: The Supplemental Report incorrectly finds that Jordan's case fails on the merits in all instances where procedural defaults did not preclude a merits review.**

In his initial Objections (Doc. 19), Petitioner Jordan found it redundant to present the same

applicable legal arguments as he already had presented to this Court in previous documents.

Accordingly, Petitioner referenced and pointed the Magistrate to the documents where the

applicable legal arguments already had been presented. The Supplemental Report states that Jordan

did not cite the applicable law or record to support his arguments in the initial Objections numbered

1-13 (Doc. 19), so Jordan respectfully notes this point to clarify for the District Court.

Due to the page limit imposed on this set of Objections, Petitioner Ruben Jordan respectfully

directs the District Judge to his Petition and its attached appendices, Traverse, and initial

Objections, and August 2015 argument for the reasons why none of Jordan's Grounds for Relief

should be considered procedurally defaulted and why his case should prevail on the merits of

Grounds One, Two, Three, Four, Five, and Six. *See* Doc. 14; PageID1302-1309 (Traverse at

Introduction and Statement of Facts); Doc. 14, PageID1309-1350 (Traverse at Procedural Analysis);

Doc. 14; PageID1351-1370 (Traverse at the Cause and Prejudice Analysis); and Doc. 14; PageID 1371-1387 (Traverse at the Merits Analysis); Doc. 19, PageID1516-1603 (Objections 1-13); Doc. 1; PageID24-62 (Appendix D to Jordan's habeas petition) fully incorporated herein.

However, Petitioner Jordan will address two specific incorrect conclusions in the Supplemental Report regarding the merits of Grounds for Relief Two and Three.[1]

First, the Supplemental Report concludes that "while the First District noted that the prosecutor had asked the jury to convict 'not on the basis of the evidence, but to prevent Jordan and Gilbert from playing what the prosecutor referred to as a "grade-school simplistic trick,"' (State *v. Jordan, supra,* ¶ 24) there is no ***proof*** that they did so." (Doc. 22, PageID1633). But this conclusion in the Supplemental Report is clearly contrary to or an unreasonable application of *Chapman v. California* (1967) 386 U.S. 18, *Fahy v. Connecticut* (1963), 375 U.S. 85, and the additional precedent previously explained in Jordan's Petition, Traverse, and Objections 1 through 13.

In *Chapman*, the Supreme Court explained that, "before a constitutional error can be held to be harmless, the court must be able to declare its belief that it was harmless beyond a reasonable doubt" based on proof that the constitutional error "***did not contribute*** to the conviction." 386 U.S. at 23-26. *See also Fahy* (an error in admitting plainly relevant evidence, which ***possibly*** influenced the jury adversely to a litigant cannot be considered harmless). In *Chapman*, there was no ***proof*** that the jury considered the defendants' decisions not to testify, and the jury instruction did not require the jury to consider their lack of testimony. But the Supreme Court nonetheless held that prosecutor's comments urging the jury to consider the defendants' lack of testimony could not be considered harmless. 386 U.S. at 24-25.

Here, Jordan need not prove that the jury actually convicted him "not on the basis of the

---

[1] The Supplemental Report briefly addresses the merits of Grounds Two and Three, but the following discussion is equally applicable to all six of Jordan's Grounds for Relief. Therefore, Jordan respectfully requests the District Court to consider these two points with respect to the merits of all six of Jordan's Grounds for Relief.

evidence," the court must be able to point to proof beyond a reasonable doubt that prosecutor's flagrant remarks **did not contribute** to Jordan's convictions whatsoever. The state court properly determined that the errors in Grounds One, Two, Three, Four, and Six occurred. And the state court properly recognized the consequence of the errors—that the prosecutor urged: (1) urged the jury to convict "not on the basis of the evidence"; (2) urged the jury to consider the substance of an undisputedly inadmissible recording, which proved the State's entire case; and (3) vouched for the truthfulness of the inadmissible recording due to his personal involvement in obtaining it. (Doc. 11-2; Ex. 22; PageID369-373) (First District Opinion at 4-8). The state court nonetheless held all of these errors to be "harmless."

It is undisputed that due process requires a conviction to be based on evidence presented during the trial. Thus, like *Chapman*, Jordan's case involves constitutional errors. Given the undisputed occurrence and impact of the constitutional errors, it cannot be said, according to *Chapman* and *Fahy*, that these errors did not contribute to Jordan's convictions. The state courts did not point to proof beyond a reasonable doubt that these improper considerations did not contribute to Jordan's convictions, and the state courts did not even apply the proper standard according to *Chapman*.

Thus, the state courts unreasonably determined the facts and unreasonably applied the law contrary to Jordan's constitutional rights to due process, confrontation, and a fair trial by an impartial jury by sanctioning the prosecutor's egregious misconduct and the improper admission of the State's most powerful evidence. The fundamental unfairness and arbitrary nature by which the First District decided that these undisputed constitutional violations are all "harmless" is an unreasonable determination of the facts and a ruling contrary to and unreasonably applying clearly established federal law in *Chapman* and *Fahy* as well as the Supreme Court precedent already discussed in Jordan's Petition, Traverse, Objections 1-13, and August 2015 argument.

Second, the Supplemental Report criticizes Jordan for not assigning a Ground of Relief based on the jury basing its conviction on facts not in the evidence. Doc. 22, PageID1633. But again, the Supplemental Report is misguided. The fact that the jury most likely did consider (or at the very least, it has not been proven that the jury did *not* consider) the improper factors urged by the prosecutor and the substance of the inadmissible recorded statement (also at the prosecutor's urging) is the basis for Jordan's explanation of the prejudice he suffered as a result of all six of his Grounds for Relief. And as explained above, Jordan need not prove that the jury actually considered the improper factors. Instead, it cannot be reasonably concluded, according to *Chapman*, that these improper factors did not contribute to Jordan's convictions.

**Objection 16:** **The Supplemental Report and Recommendations' application of *Harris v. Reed* to Ground One is flawed in light of the identical standards that exist in the State of Ohio for plain error review versus a merits review of prosecutorial misconduct claims. A proper application of *Harris* reveals that the contemporaneous objection rule either: (1) is not an adequate and independent state procedural bar in the circumstances of Petitioner Jordan's case (when the standard to address properly preserved prosecutorial misconduct claims is identical to plain error review); or (2) the contemporaneous objection rule was not *actually* enforced in this case. Therefore, Ground One is properly before this Court, and this Court should conduct a review on the merits. (addressing Doc. 22, PageID1608-1613).**

In *State v. Jackson* (2001), 92 Ohio St.3d 436, the Supreme Court of Ohio clearly defines the standard for reviewing the merits of preserved prosecutorial misconduct claims: "The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial." *Jackson* at 441. This is the same standard the state appellate court applies to Petitioner Jordan's Ground One, as well as Grounds Two and Three (which the Report and Recommendations correctly found to be *properly before this Court/NOT procedurally defaulted*).

Specifically, the state appellate court decision (Doc. 11-2; Exhibit 22, PageID373), states: "Jordan did not object to these comments about [collusion] and therefore must demonstrate that, *but for the misconduct, the outcome of the trial would have been different…*As we have already commented, there was ample evidence to support the conviction, and *we cannot say that the*

**comments deprived Jordan of a fair trial.** But we strongly caution the state that, in a closer case than the one before us now, such comments very well could result in reversal."[2]

In this quote, the state appellate court equates "the outcome of Jordan's trial differing" (plain error standard per *State v. Williams* (1997), 79 Ohio St.3d 1, the case cited by the state appellate court) with Jordan being "deprived of a fair trial" (the Ohio Supreme Court standard, per *Jackson*, for properly preserved prosecutorial misconduct claims).

The original Report and Recommendations and now still the Supplement Report concludes that it must take the state court at face value that it applied plain error review due to counsel's failure to object. The Supplemental Report states that, "Petitioner wants this Court to ignore the fact that the First District said it was engaged in plain error analysis and noted the absence of a contemporaneous objection which required that, to decide the assignment of error, it engage in plain error analysis, because the First District used the same merits standard to undergird its plain error analysis. But what other standard what if have used?" Doc. 22, PageID1611.

The Supplemental Report's rhetorical question is on point and demonstrates exactly why the contemporaneous objection rule, though generally adequate and independent according to the Sixth Circuit, is not an adequate and independent state procedural bar in Jordan's case per the *Harris* presumption.[3]

The point is, in Ohio, the standard for reviewing a prosecutorial misconduct claim on the merits is equivalent to the standard for reviewing a prosecutorial misconduct claim via plain error.

---

[2] The Supplemental Report at Doc. 22, PageID1609 claims that Jordan failed to give a citation to support this assertion. But in fact, the First District opinion was quoted and cited on this point. *See* Objections, Doc. 19, PageID1529.

[3] The Supplemental Report states that the original Report addressed *Harris v. Reed*, Doc. 22, PageID1613, but the portion of the Report cited pertains to the "fifth assignment of error" from Jordan's state district court appeal, which corresponds to Ground V in Jordan's Petition. Ground for Relief One in Jordan's instant petition corresponds to the fourth assignment of error from Jordan's state district court appeal.

And in Jordan's case, whichever of these two identical standards are applied ***necessarily*** involves considering the constitutional errors at issue in Ground One. And it has been clear since the outset of Jordan's appeals in the state court that he raised this issue in terms of his constitutional rights at stake, the fundamental fairness of his trial, and basic principle that his conviction must be based on actual evidence presented during trial—not on the basis of the prosecutor's threats, impositions of fear upon the jury, or unsupported theories of a conspiracy.

In other words, it would not have mattered if trial counsel had objected and been overruled on the objection, or (as is the case) trial counsel failed to object. Whether or not an objection was lodged, the state appellate court would have applied the same standard when reviewing the prosecutorial misconduct at issue. The state appellate court's opinion perfectly demonstrates this point. *See* Objection 2 (Doc. 19, PageID1527-1538) fully incorporated herein for a full explanation of the following two points: (1) how the plain error standard is identical to the Supreme Court of Ohio's standard for evaluating prosecutorial misconduct claims on the merits; and (2) how the state appellate court used the same standard to evaluate instances of prosecutorial misconduct to which trial counsel did object (Grounds for Relief Two and Three) as it did to instances of prosecutorial misconduct to which trial counsel failed to object (Ground One).

Furthermore, although the state appellate court's prejudicial impact analysis is an unreasonable determination of the facts and a decision contrary and unreasonably applying Jordan's constitutional rights pursuant to Supreme Court precedent,[4] the state court's prejudice analysis, nonetheless, necessarily involved determining whether the misconduct impacted Jordan's constitutional rights. This is because either standard (plain error or Ohio's *Jackson* standard for analyzing prosecutorial misconduct on the merits) involves evaluating: (1) whether Jordan's

---

[4] *See* discussion of *Chapman* and *Fahy* in Objections 14 and 15 *supra. See also* Doc. 14; Page ID1351-1370; 1371-1387 (Traverse at Cause and Prejudice Analysis and Merits Analysis for a full discussion of these errors).

substantial rights were impacted; and (2) if the outcome of Jordan's trial would have differed but for the misconduct.

Jordan raised this error to the state courts in terms of his constitutional rights, and thus, when the state court engaged in its prejudice analysis, the impact to the fundamental fairness of Jordan's trial necessarily was part of the equation. In other words, Jordan's "substantial rights" and "the impact to the outcome of his trial" inherently involve consideration of the fundamental fairness of his trial.[5]

In *Harris v. Reed* (1989), 489 U.S. 255, the Supreme Court recognized this exact scenario as Jordan's case presents—when the application of a state procedural rule necessarily involves or is intertwined with consideration of the federal constitutional issues—and created a presumption that, in such instances, the state procedural rule **is not an adequate and independent procedural bar** to the federal district conducting a merits review. *See Arias v. Lafler,* 511 Fed.Appx. 440, 446 (6th Cir., Jan. 9, 2013) citing *Harris* ("Following the Supreme Court's decision in *Harris v. Reed,* federal courts on habeas review **will presume that there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with federal law."** (internal citations omitted).

The Supplemental Report states that "something more" is needed to prevail on a prosecutorial misconduct claim based on plain error versus a finding that prejudicial prosecutorial misconduct occurred on the merits when an objection was lodged. Doc. 22, PageID1613. Petitioner Jordan respectfully disagrees with this assertion as applied in Jordan's case because in both standards, after an error has been found, (as was the case here), the prejudice standards are

_____

[5] *See also* by analogy *Duncan v. Henry* (1995), 513 U.S. 364, 366 (Supreme Court explaining that if the lower court had analyzed the evidentiary claim in terms of whether it prevented a fair trial, rather than whether the prejudicial impact outweighed the probative value, the analysis would demonstrate that the state court had actually addressed the error as a due process violation rather than just a violation of a state evidentiary rule). Here, the state court **did consider** Ground One in terms of whether it impacted the outcome of Jordan's trial.

equivalent, particularly when a defendant's constitutional rights are at stake. When a criminal

defendant faces being convicted based on considerations outside the evidence, urged into the jurors'

minds by the prosecutor—and the state court recognizes this[6]—determining whether the defendant's

substantial rights are impacted is no different than determining whether the outcome of the trial

would have differed. If even one juror voted to convict only in part based on a bias against or fear

of Jordan or his family, to disbelieve Gilbert's in-court testimony stating that he never witnessed

Jordan shoot Davis, or as an inference of Jordan's guilt or on the substance of the inadmissible

recording—the outcome of Jordan's trial would have, his substantial (due process and

confrontation) rights were materially prejudiced, and his trial was fundamentally unfair.

Accordingly, the Supplemental Report's conclusion that the *Harris* presumption is

inapplicable due to the *Michigan v. Long* "plain statement rule" is incorrect and fails to recognize

that the prejudicial impact of jurors convicting "not on the basis of the evidence" implicates

constitutional considerations even if the state appellate court failed to include a specific discussion

of Jordan's constitutional rights.

Therefore, the First District either: (1) did not *actually* enforce the contemporaneous

objection rule against Jordan as the Sixth Circuit requires for procedural default to attach; or (2) per

---

[6] The state court **agreed with Jordan**, and concluded: (1) that prosecutorial misconduct occurred; and (2) the prosecutor's flagrantly improper comments urged the jury, **according to the state appellate court,** to convict Jordan **"*not on the basis of the evidence*"** but rather out of fear and to prevent an unsubstantiated claim that Jordan and his son (Gilbert) colluded to trick the system so that both men could be acquitted and no one would be punished for the shooting of Victor Davis unless the jurors as the "final obstacle" to this scheme's success intervened via a guilty verdict. Doc. 11-2, Ex. 22, PageID 373 (First District Opinion at paragraph 24). Doc. 11-10; PageID1201-1202. What is more, the errors raised in Grounds Two, Three, and Four compound the prejudicial impact of Ground One because: (1) the improper admission of Gilbert's recording allowed the jurors to hear the only direct, eyewitness evidence against Jordan—a statement from Jordan's own son claiming to have seen Jordan purposefully shoot Davis; and (2) the prosecutor actually urged the jury to consider the substance of the inadmissible statement and consider it true due to his personal involvement in obtaining it. *See* Doc. 14; PageID1314-1321; 1371-1382 (Traverse discussion of First District's analysis of Grounds Two and Three); Doc. 11-2; Exhibit 22, PageID371-372 (First District Opinion at 6-7).

*Harris v. Reed*, the contemporaneous objection rule cannot be considered an independent and

adequate state procedural bar in the circumstances of Jordan's case when: (a) the standards are

identical, as explained *supra*; (b) the state appellate court itself used the standard interchangeably

between claims objected-to and unobjected-to claims; and (c) the state court's prejudice analysis

necessarily involved consideration of Jordan's constitutional rights at issue. For these reasons, this

Court should consider Ground One to be properly before the Court, and this Court should evaluate

the merits for the reasons explained in Objection 9 (Doc. 19, PageID1580-1595) fully incorporated.

**Objection 17:** **The Supplemental Report's conclusions that Petitioner Jordan failed to fairly present Ground Four as a constitutional claim at all levels of state court is incorrect and strays from U.S. Supreme Court precedent as to what constitutes "fair presentation." (addressing Doc. 22, PageID1615-1618).**

**Objection 18:** **The Supplemental Report's application of *Harris v. Reed* to Ground Four is flawed in light of the identical standards that exist in the State of Ohio for plain error review versus a merits review of the evidentiary error at issue in Ground Four. (addressing Doc. 22, PageID1614-1615, 1620-1621).**

As explained in Objection 3 (Doc. 19, PageID1538-1551), fully incorporated herein,

Petitioner Jordan extensively argued Ground Four as a federal claim in state court and linked this

error to the prejudice Jordan suffered, the constitutional rights violated, and the controlling U.S.

Supreme Court precedent. The state court did not have to read beyond Jordan's state court briefs to

find the facts or constitutional violations at issue as the Supplemental Report suggests at Doc. 22,

PageID1617. *See Picard v. Connor* (1971), 404 U.S. 270, 275 ("fair presentation" of federal claims

means giving the state the "opportunity to pass upon and correct alleged violation of its prisoners'

federal rights."). Giving the state courts the *opportunity* to correct alleged violations of federal

rights means alerting the courts to the fact that the claim is asserted under the U.S. Constitution. *Id.*

Specifically, if a habeas petitioner wishes to claim that an evidentiary ruling at state court trial

denied him due process of law guaranteed by the Fourteenth Amendment, he must say so in state

court. *Duncan v. Henry* (1995), 513 U.S. 364 citing *Picard*, 404 U.S. at 275.

Jordan clearly met this standard. And, in light of the extensive argument he presented to the state courts, Jordan's use of the phrases "due process" and "fair trial" in connection with the prejudice suffered and relevant federal authority, cannot properly be considered a "mere recitation of talismanic phrases" as the Supplemental Report suggests. Doc. 22, PageID1616. Simply because the state courts failed to specifically address the constitutional violations resulting from the undisputed evidentiary error does not mean that Jordan failed to fairly present the claims. The state courts had the *opportunity* to do so, but chose not to write a more specific opinion.

In fact, as explained in the previous objection with respect to Ground One (Objection 16), and more extensively in Objections 2 and 3 (Doc. 19), considering the prejudicial impact of this Ground Four necessarily involved considering the constitutional implications. *See* Objections 16 *supra* and Objection 3 (Doc. 19, PageID1538-1551) incorporated herein for the full argument on this point.

Furthermore, in *Duncan v. Henry* (1995), 513 U.S. 364, 366 the Supreme Court explained that if the lower court had analyzed the evidentiary claim in terms of whether it prevented a fair trial, rather than whether the prejudicial impact outweighed the probative value, the analysis would demonstrate that the state court had actually addressed the error as a due process violation rather than just a violation of a state evidentiary rule. Here, the state court **did consider** Jordan's Ground Four in terms of whether it impacted the outcome of Jordan's trial.

So although the state courts failed to discuss Jordan's constitutional rights at length, the nature of the state court's prejudice analysis (as necessarily involving consideration of Jordan's constitutional claims) and the actual wording of the state court's prejudice analysis (in terms of impact on the fairness of Jordan's trial instead of weighing the prejudicial impact versus the probative value) reveals that the state court had to have considered the constitutional violations Jordan presented. For these reasons: (1) the *Harris* presumption applies to Ground Four (as fully

explained in Objection 3, Doc. 19, PageID1538-1551 incorporated herein); and (2) the state court's analysis addressed the error in terms of due process according to *Duncan*. The Report and Recommendations and Supplemental Report are incorrect to have concluded otherwise.

Even if this Court disagrees and determines that the state court determined this issue solely on the basis of the state evidentiary rule and did not address Jordan's federal claims, it is clear that the state court *had the opportunity* to address the federal claims as *Duncan* and *Picard* require. The Report and Supplemental Report stray from Supreme Court precedent in *Duncan* and *Picard* as to how a Petitioner satisfies the "fair presentation" requirement. This Court should consider Ground Four on the merits and grant relief for the reasons explained in Objection 10 (Doc. 19, PageID1595-1597) fully incorporated herein.

**Objection 19:** **The Supplemental Report incorrectly concludes that Petitioner Jordan's timely Motion for New Trial and its Supplements to the state court did not cure the lack of contemporaneous objection with respect to Ground Four. To the contrary, a timely new trial motion filed in trial court satisfies the Ohio common law policy underlying Ohio's Crim. R. 52 (plain error), such that the state appellate court should not have applied plain error review to Ground Four in light of Jordan's Motion for New Trial and its Supplements. This Court should review Ground Four on the merits. (addressing Doc. 22, PageID1615-1617, 1620-1621).**

Despite the lack of contemporaneous objection by trial counsel, Petitioner Jordan raised the constitutional errors underlying Ground Four in a timely motion for new trial filed in the state trial court. As explained in Objections 2 and 3 (Doc. 19 at PageID1543 and 1553), the comity and federalism policies underlying the contemporaneous objection rule and exhaustion following trial counsel's failure to object do not apply here, because the trial court—and all state courts—had the opportunity to review the merits of Jordan's claim due to the timely filed motion for new trial and its supplements.

Neither the Respondent nor the Report or Supplemental Report cite any cases in which the contemporaneous objection rule is consistently applied as an adequate and independent procedural bar when the Petitioner filed a timely motion for new trial in state court, which thereby gave the

trial court the opportunity to correct the error at issue and rule on the federal issues at stake.

To the contrary, according to the Supreme Court of Ohio, Crim. R. 52(B) (the plain error rule) was premised on the rule that "an appellate court should not consider questions…upon which the ***trial court has had no opportunity to pass***." *State v. Long* (1978), 53 Ohio St.2d 91, 96; 372 N.E.2d 804 citing *Gendron v. United States*, 295 F.2d 897, 902 (8th Cir. 1961) (emphasis added).

More specifically, the Supreme Court of Ohio in *Long* explains that, prior to Rule 52(B), an appellate court would only review errors to which the trial court's attention had been called so that the trial court would have the *opportunity* to correct the error. *Long*, 53 Ohio St.2d at 96. Jordan's Motion for New Trial and its Supplements clearly gave the trial court the opportunity to decide this issue despite trial counsel's objection. The policy rationale underlying the contemporaneous objection rule is not to avoid a retrial (as would result if the trial court were to sustain the error per a motion for new trial), whereas a contemporaneous objection, if sustained, could avoid the error to begin with.  Instead, the policy rationale is for the trial court to have the *opportunity* to correct the error without a higher court's intervention.  And a timely motion for new trial, as Jordan filed here, preserved the trial court's opportunity to address/correct this error.  *See Scott v. Mitchell,* 209 F.3d 854, 870 (6th Cir. 1987) ("a contemporaneous objection enables the record to be made with respect to the constitutional claim when the recollections of witnesses are freshest, not years later in a federal habeas proceeding. It enables the judge who observed the demeanor of those witnesses to make the factual determinations necessary for properly deciding the federal constitutional question.").

For these reasons and the reasons explained in Objection 3 (Doc. 19, PageID1538-1551), the state appellate court should not have applied plain error review to Ground Four, because the trial court had the opportunity to address the error despite trial counsel's lack of objection.

As explained in Jordan's Objection 3, (Doc. 19; PageID1538-1551) and Objections 16, 17,

and 18, all fully incorporated herein, the contemporaneous objection rule is not an adequate and independent state procedural bar in Jordan's case per the *Harris* presumption, and this Court should address Ground Four on the merits. But even if this Court disagrees, this Court should address Ground Four on the merits for the additional reason that Jordan's Motion for New Trial and its Supplements cured trial counsel's lack of contemporaneous objection. In other words, the contemporaneous objection rule is also not an adequate and independent state procedural bar when the trial court had the opportunity to address the error in a timely motion for new trial. Lastly, there is no authority holding that the contemporaneous objection rule is consistently applied when the error was raised in a timely motion for new trial.

**Objection 20: If this Court finds that the state court addressed the federal claims in Ground Four, then its decision was contrary to or an unreasonable application of Supreme Court precedent. However, if this Court determines that the state court did not address the federal claims in Ground Four, then this Court should conduct a *de novo* review and find that Jordan's trial was fundamentally unfair in violation of his due process rights as a result of the improper admission of Gilbert's recorded statement into evidence and the jury's review of this statement during deliberations. (addressing Doc. 22, PageID1618-1619).**

For the reasons already explained in Doc. 14; PageID1333-1346; 1351-1370; 1371-1387 (Traverse at the Cause and Prejudice Analysis; Merits Analysis of Grounds One, Two, Three, Four, and Five, and Section C of the Procedural Analysis of Ground Four in Jordan's Traverse); Doc. 1; PageID24-62 (Appendix D to Jordan's habeas petition), and Objection 10 (Doc.19; PageID1595-1597), the state court ruled contrary to or unreasonably applied Supreme Court precedent when it determined that the outcome of Jordan's trial did not differ as a result of the jury hearing, considering, and reviewing-during-deliberations the substance of Gilbert's undisputedly inadmissible and highly prejudicial recorded statement, which unequivocally proved the State's entire case against Jordan and provided the only direct, eyewitness testimony against Jordan.

The Supplemental Report concludes that "the rule that extrinsic evidence of a prior inconsistent statement cannot be admitted once the witness has admitted making it had never been

held to be required by the United States Constitution and Jordan cites no law to the contrary." Doc.22, PageID1618.

Petitioner Jordan pointed the Court to *Dowling v. United States* (1990), 493 U.S. 342 and the well-established principle that "evidentiary errors may be so egregious as to violate due process and fundamental fairness." Doc. 19; PageID1542. For the reasons explained in Jordan's Petition, Traverse, and Objections 9-12 (Doc.19; PageID1580-1602), Jordan's trial was rendered fundamentally unfair in light of the jury hearing, being repeatedly urged to consider the substance of the undisputedly inadmissible statement, and then being given the statement to review during deliberations.[7] *See also Chapman v. California* (1967), 386 U.S. 18, 23-24 (before a constitutional error can held to be harmless, the court must be able to declare its belief that it was harmless beyond a reasonable doubt).

Without question, clearly established Supreme Court precedent holds that evidentiary errors (regardless of which evidentiary rule they may be connected to) rise to the level of due process violations when they render a criminal defendant's trial fundamentally unfair.

---

[7] In spite of the court's limiting instruction: (1) the trial court still improperly permitted the jury to have access to the recording and its transcript during deliberations; (2) the prosecutor urged the jurors to listen to the recording and consider it for its truth; and (3) the prosecutor vouched for the truthfulness of the statement. **All three of these actions are undisputedly improper according to the state appellate court and serve to negate the limiting instruction.** *See* Doc. 14; PageID1351-1370; 1371-1387 (Traverse Cause and Prejudice Analysis and Merits Analysis of Grounds One, Two, Three, Four, and Five). Giving the jurors the recording and its transcript negated the limiting instruction, because on one hand, the jurors were told to use the prior inconsistent statement only to impeach Gilbert's testimony. But on the other hand, by being given the recording to review during deliberations (and being urged to do so by the prosecutor), they were effectively told to review the **substance** to determine the impeachment value. These two concepts are contradictory and result in the ultimate prejudice to Jordan because the substance of the statement proves the entire case against Jordan. What is more, the prosecutor vouched that the statement was true. Perhaps the limiting instruction could be considered a potentially adequate remedy to correct the jury **only** improperly *hearing* the recording of the statement during trial. But here, the jury was then given the recording and transcript to review during deliberations and urged by the prosecutor to do so, which is highly misleading given that it is **not the substance of the statement** that could be used for impeachment purposes but rather **the fact that the statement was made.**

A state-court decision involves an unreasonable application of Supreme Court precedent if the state court "unreasonably refuses to extend a legal principle to a new context where it should apply." *Williams v. Taylor* (2000), 529 U.S. 362. The state courts should have applied the *Dowling* principle and *Chapman* to Jordan's case. Instead, the state courts ruled contrary to or unreasonably applied the *Dowling* principle and *Chapman* when it determined that the outcome of Jordan's trial was not impacted by the erroneous admission of Gilbert's recorded statement into evidence.

If this Court finds that the state court did not address the federal claims in Ground Four, then this Court should address Ground Four on the merits pursuant to a *de novo* review and grant Jordan relief for the reasons explained in these Objections, Jordan's Petition (Doc. 1), Traverse (Doc. 14), Objection 10, and August 2015 argument. *See* Objection 10 at Doc. 19, PageID1595-1597.

**Objection 21:** **The Supplemental Report is incorrect to continue to rely on the false hypothetical premise that the jury would have heard the content of the improperly admitted recorded statement from Gilbert if the prosecutor conducted a line-by-line cross-examination of Gilbert concerning this prior statement. Likewise, the Supplemental Report is incorrect to continue to use this false hypothetical premise as a basis to minimize the prejudice suffered as a result of the improper admission of the Gilbert's recorded statement and the jury's review of said statement during deliberations. (addressing Doc. 22, PageID1618-1619).**

In efforts to minimize the prejudice Jordan suffered, the Supplemental Report continues to suggest that Gilbert, hypothetically, could have been cross-examined in a line-by-line fashion about his prior statement, and that in this hypothetical scenario, the jury would have heard the substance of the inadmissible statement anyway. Thus, the Supplemental Report concludes, it is inconsequential to Jordan's trial that the jury improperly heard the statement and was urged by the prosecutor to review and consider the inadmissible statement's substance during deliberations. Doc. 22, PageID1618-1619.

This conclusion in the Report and again in the Supplemental Report is far from accurate and misses the point of how a defendant such as Jordan is prejudiced by a jury considering the substance

and truth of an inadmissible statement that proves the State's entire case against the defendant.[8]

There are numerous cases, which the state appellate court recognized, and which hold that once a witness admits to making a prior inconsistent statement, extrinsic evidence of the statement itself cannot be admitted into evidence.[9]   In any of those cases establishing this black letter law, the court could have come to the same conclusion as the Report and Recommendations and the Supplemental Report—that because the prosecution theoretically *could have* questioned the witness about the substance, context, or reasons for his prior inconsistent statement, no prejudice resulted from the improper admission of extrinsic evidence of the statement. Of course, if that were true, then the black letter rule would be swallowed by the exception. Courts would hold that, because the prosecution theoretically could question the witness about the context of the prior inconsistent statement, or line-by-line about the substance of the prior inconsistent statement, extrinsic evidence of the entire statement should be admissible to save time. However, that is not the rule.

As Jordan pointed out in his Traverse in response to a similar argument made by the Respondent, and in Objection 9(A), rather than conducting a line-by-line cross-examination of Gilbert regarding his inadmissible statement, the prosecutor simply asked Gilbert, in holistic form,

---

[8] The Supplemental Report fails to address Jordan's explanation of why the Magistrate's false hypothetical premise that appears in both the original Report and again in the Supplemental Report is misguided.  Instead of addressing this argument, the Supplemental Report refers to a supposed comparison with *State v. Kirk*, 2010-Ohio-2006, 2010 Ohio App. LEXIS 1668 (6th Dist., May 7, 2010). *See* Doc. 22, PageID1634.  But in fact, there is no reference to *State v. Kirk* in the portion of Jordan's Objections rebutting the false hypothetical premise.

[9] Although the admission of evidence lies within the trial court's discretion to review for "material prejudice," *State v. Noling* (2002), 98 Ohio St.3d 44; 781 N.E.2d 88 (internal citations omitted), Ohio courts—and indeed, the First District in the instant case—apply a ***higher*** standard to the admission of extrinsic evidence of a prior inconsistent statement, which eliminates the trial court's discretion. *See* Doc. 11-2; Exhibit 22; PageID369-370 (First District Opinion at 4-5) citing *State v. Davenport*, 1st Dist. No C-980516, 1999 Ohio App. LEXIS 3469 (July 30, 1999) (extrinsic evidence of the prior statement is admissible ***only*** 'when a witness denies making a prior statement, or states that he is unable to recall the prior statement'...Thus, because Gilbert admitted having made the prior statement, extrinsic evidence of the statement was not admissible.") (emphasis added). Accordingly, a trial court does not have discretion to permit such evidence when the witness admits to making the prior statement.

whether he made a prior inconsistent statement. Although, the trial judge as gatekeeper of evidence, may have had some limited, debatable discretion to permit a line-by-line cross-examination, that is not what happened here. A vigorous, line-by-line cross-examination of Gilbert regarding the prior statement is *not* the reality of Jordan's trial. Instead, she asked Gilbert, holistically, if he made a prior inconsistent statement. He admitted that he did, and as a result, the questioning should have stopped. The First District recognized this when it held the prior statement inadmissible due to Gilbert having admitted to the statement. Doc. 11-2; Exhibit 22, PageID370 (First District Opinion at 5).

Therefore, speculation about what would have happened if Gilbert had been cross-examined about the contents of his statement does not alter the prejudice Jordan *actually* suffered in his trial. Even if Gilbert had been thoroughly cross-examined about the substance of his inadmissible statement, the cross-examination would not have cured the prejudice that occurred. Such a cross-examination would have exacerbated the prejudice. It is not the **substance** of the statement that is used for impeachment purposes. Rather it is **the fact that the statement was made.** Therefore, when the prosecutor improperly urged the jury to consider the substance of the statement and to re-review the recording and transcript of the statement during deliberations, an error occurred that could not be cured or rehabilitated. The jurors learning the substance of the statement is a bell that could not be unrung.[10]  What is more, the prosecutor vouched for the truthfulness of the statement.

Furthermore, for purposes of this habeas petition, Jordan does not concede that a line-by-line cross-examination potentially could have been proper. But even if a line-by-line cross-examination of Gilbert were proper—which in a case like this, it likely would not be due to the

---

[10] Likewise, the limited questioning of Gilbert that occurred regarding why he made the prior inconsistent statement occurred *after* the jury had already improperly heard the substance of the statement. And to extent defense counsel also engaged in such questioning, defense counsel was doing what he could to salvage Jordan's situation in light of the egregious error that already occurred (permitting the jury to hear the substance of the recorded statement).

prejudicial effect of the jurors hearing the substance of a statement that should only be used to impeach and, of which the substance proves the state's entire case—the jurors still could **not** have had **extrinsic evidence** of the statement. The First District agreed with Jordan on this issue. *See* Objection 9(A) at Pages 67-72 (Doc. 19, PageID1590-1595) fully incorporated by reference for further explanation of this point.

The Supplemental Report's use of this falsely premised hypothetical is misguided and should not be considered by the District Court when evaluating the prejudice to Jordan of the jury hearing the inadmissible recording, being given the recording and its transcript, and being urged by the prosecutor to consider its substance to be truthful.

**Objection 22:** **The Supplemental Report incorrectly concludes that Petitioner Jordan's timely Motion for New Trial and its Supplements to the state court did not cure the lack of contemporaneous objection with respect to Ground Five. To the contrary, a timely new trial motion filed in trial court satisfies the Ohio common law policy underlying Ohio's Crim. R. 52 (plain error), such that the state appellate court should not have applied plain error review to Ground Five in light of Jordan's Motion for New Trial and its Supplements. This Court should review Ground Five on the merits. (addressing Doc. 22, PageID1621-22)..**

For the reasons explained in Objections 16, 17, 18, and 19, and Objection 4 (Doc.19; PageID1551-1557) fully incorporated herein by reference, the contemporaneous objection rule is not an adequate and independent state procedural bar in Jordan's case per the *Harris* presumption. This Court should address Ground Five on the merits and grant relief for the reasons explained in Objection 11 (Doc. 19, PageID1597-1601) fully incorporated herein. But even if this Court disagrees, this Court should address Ground Five on the merits for the additional reason that Jordan's Motion for New Trial and its Supplements cured trial counsel's lack of contemporaneous objection.[11] In other words, the contemporaneous objection rule is not an adequate and independent

---

[11] The Supplemental Report asks, "Where is the case authority?" Doc. 22, PageID1622. *See* Objection 19 at discussion of *State v. Long* (1978), 53 Ohio St.2d 91, 96; 372 N.E.2d 804 and *Scott v. Mitchell,* 209 F.3d 854, 870 (6th Cir. 1987) discussing the origin and purpose of Ohio's plain error rule and the policy rationales underlying the contemporaneous objection rule. *See also* Jordan's Objection 3 at Page 22 (Doc. 19, PageID1545) discussing *Scott v. Mitchell.*

state procedural bar when the trial court had the opportunity to address the error in a timely motion for new trial. Additionally, there is no authority holding that the contemporaneous objection rule is consistently applied when the error was raised in a timely motion for new trial.

**Objection 23:** **The Supplemental Report incorrectly concludes that Ground Six, Subclaim One (ineffective assistance for failure to object to the admission of Gilbert's statement) is procedurally defaulted by abandonment in the Ohio Supreme Court. This Court should review all subclaims of Ground Six on the merits. (addressing Doc. 22, PageID1622-1624).**

Ground Six, Sublcaim One addresses ineffective assistance of counsel for failure to object to the admission of Gilbert's statement. Contrary to the Supplemental Report's conclusion, Jordan argued this error in Proposition of Law IV to the Ohio Supreme Court as follows:

> In the event that trial counsel failed to properly object to the constitutional errors explained in Propositions of Law I-V, such failure constitutes ineffective assistance of counsel. Proper and timely action by trial counsel potentially could have prevented these errors from occurring. Instead, the ultimate prejudice to Jordan resulted. The jury improperly considered: (1) the substance of Gilbert's recorded statement (which alone proved the State's case against Jordan); (2) the consequences of an acquittal, specifically Jordan's protection against double jeopardy, and an alleged threat to public safety attested to by the prosecutor based on unsupported speculation. (Doc. 11-2, Ex. 24; PageID395).

The argument in Proposition of Law VI continues by explaining that due to trial counsel's failures, "the jury improperly considered: (1) the substance of Gilbert's recorded statement (which alone proved the State's case against Jordan)..." Through this argument, Jordan directly raised the subclaim at issue and proposed to the Supreme Court of Ohio that trial counsel is ineffective when, due to his failure to object, a jury considers an inadmissible statement which standing alone proves the state's entire case. (Doc. 11-2, Ex. 24; PageID395).

In addition to Jordan directly presenting this subclaim in the text of Proposition of Law VI, the Supplemental Report even admits that, "the specific substantive error underlying this ineffective assistance subclaim…is presented in Proposition of Law IV." Doc. 22, PageID1623. And, as demonstrated above, Proposition of Law VI incorporated Proposition of Law IV by reference. The Supplemental Report creates a false premise by concluding that, "the error in admitting evidence is not the same as a claim it was ineffective assistance…to fail to object to the admission." Doc. 22,

PageID1623.  Of course, this is a correct statement, but this is not what happened in Jordan's Memo in Support of Jurisdiction.  The argument presented in Jordan's Proposition of Law VI directly explained that his trial counsel failed by not objecting to the evidentiary error that was previously explained in Proposition of Law IV, on the pages directly before Proposition of Law VI in the brief 15-page memo—thus, not difficult to find. The substantive error presented in Proposition of Law IV was incorporated by reference in Proposition of Law VI so that Jordan did not have to expend space in the strict 15-page-limited document to re-explain the error that had literally just been explained.

For these reasons, and the reasons explained in Objection 5 (Doc. 19, PageID1557-1560), Ground Six, Subclaim One and all subclaims in Proposition of Law VI/Ground Six (dealing with ineffective assistance of trial counsel) are properly before this Court.  This Court should review Ground Six in its entirety on the merits and grant relief for the reasons explained in Objection 12 fully incorporated herein.

**CONCLUSION**

For all the foregoing reasons, the reasons presented in Jordan's Petition and its attaches appendices, Jordan's Traverse, his initial Objections 1 through 13, and his August 2015 argument this Court should not adopt the portions of the Report and Recommendations and Supplemental Report and Recommendations addressed in these Objections 14 through 23 and in the initial Objections 1 through 13 (Doc. 19).  Instead, this Court should grant Ruben Jordan's Petition for a Writ of Habeas Corpus.  Alternatively, this Court should grant a Certificate of Appealability and permit Jordan to proceed *in forma pauperis* in the event that an appeal follows.

Respectfully submitted,

/s/Michele Berry Godsey
Michele Berry Godsey (0081939)
114 East 8th Street; Cincinnati, Ohio 45202
Tel: (513) 919-5315; Fax: (513) 376-8752
mberrylaw2007@gmail.com
*Counsel for Petitioner Ruben Jordan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Petitioner's Objections to the Supplemental Report and Recommendations has been served upon the Respondent through the court's electronic filing system this 7th day of June, 2016.

/s/ Michele Berry Godsey
Michele Berry Godsey (0081939)