**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Ruben Jordan, | ) |
| | ) |
| Petitioner, | ) Case No. 1:14-cv-00068 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Warden, Lebanon Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 16) and Supplemental R&R (Doc. 22).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed timely objections to the R&R (Doc. 19) and the Supplemental R&R (Doc. 26).

### **I. BACKGROUND**

This matter arises out of Petitioner's habeas action brought pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions for aggravated murder with a firearm specification and having weapons under disability for which he received an aggregate sentence of life imprisonment with parole eligibility after thirty years. (Doc. 1); (Doc. 1-1). Petitioner sets forth six grounds for relief. (Doc. 1-1 PageID 30-31). The Magistrate Judge more than adequately summarized the procedural background and pertinent facts of this

case in the R&R and the Supplemental R&R, and the Court will not repeat the same herein. The Magistrate Judge recommends denying relief and dismissing the petition with prejudice. (Docs. 16, 22). Petitioner presents objections numbered 1 to 23 in his initial and supplemental objections. (Docs. 19, 26).

## II. ANALYSIS

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Court rejects objections 1 and 14. Although Petitioner repeatedly asserts that the State of Ohio First Appellate District ("First District") made "unreasonable determination of facts" throughout his petition and traverse, Petitioner does not provide analysis or argument regarding how or why the First District was wrong. *See* (Doc. 16 PageID 1397); (Doc. 22 PageID 1607). The Magistrate Judge correctly found that Petitioner fails to explain, on any level, how the evidence cited in his petition and traverse proves by clear and convincing evidence that the First District made an unreasonable determination of any particular fact. (Doc. 16 PageID 1397).

The Court rejects objections 2 through 11 and 21. Those objections are mostly, if not completely, prior arguments found in his traverse that are copied and pasted, albeit in a different order, into his objections. *Compare* (Doc. 19 PageID 1527-38) (objection 2), *with* (Doc. 14 PageID 1323-32); *compare* (Doc. 19 PageID 1538-51) (objection 3), *with* (Doc. 14

PageID 1333-42, 1384); *compare* (Doc. 19 PageID 1551-57) (objection 4), *with* (Doc. 14 PageID 1304, 1334-35, 1347-50); *compare* (Doc. 19 PageID 1557-60) (objection 5), *with* (Doc. 14 PageID 1312-14); *compare* (Doc. 19 PageID 1560-77) (objection 6), *with* (Doc. 14 PageID 1351-66); *compare* (Doc. 19 PageID 1577-79) (objection 7), *with* (Doc. 14 PageID 1367-68); *compare* (Doc. 19 PageID 1579-80) (objection 8), *with* (Doc. 14 PageID 1368-69); *compare* (Doc. 19 PageID 1580-95) (objection 9), *with* (Doc. 14 PageID 1343-46, 1367-82); *compare* (Doc. 19 PageID 1595-97) (objection 10), *with* (Doc. 14 PageID 1382-84); *compare* (Doc. 19 PageID 1597-1601) (objection 11), *with* (Doc. 14 PageID 1363-65, 1384-86); *compare* (Doc. 26 PageID 1683-86) (objection 21), *with* (Doc. 14 PageID 1342-44). Simply retyping an argument from one's traverse into one's objections and summarily concluding that the Magistrate Judge "obviously" or "clearly" erred in finding otherwise does not aid the Court in its analysis. *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). Objections 2 through 11 and 21 do not present any new argument that convinces the Court that the Magistrate Judge erred in his findings and recommendations. *See id.* at 747 ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Objection 12 fails, as Petitioner attempts to incorporate objection 6, but does so without added argument, and again summarily concludes that the First District and Magistrate Judge erred. (Doc. 19 PageID 1601-02); *see Aldrich*, 327 F. Supp. 2d at 747.

3

Objection 16 relates to Petitioner's first ground for relief. (Doc. 26 PageID 1672-77). Petitioner reiterates his insistence that, "in Ohio, the standard for reviewing a prosecutorial misconduct claim on the merits is equivalent to the standard for reviewing a prosecutorial misconduct claim via plain error." (*Id.* PageID 1673). However, and as the Magistrate Judge explained, Petitioner provides no citation to support this assertion and also does not cite "any place in which the First District says it is defining one test as the equivalent of the other." (Doc. 22 PageID 1609). The Court agrees that "[t]his Court must take the First District at its word and conclude it conducted a plain error review on Ground One" (Doc. 16 PageID 1403), and the Court will overrule objection 16.

Objection 15 relates to Petitioner's third and fourth grounds for relief. (Doc. 26 PageID 1669-72). Petitioner's broad interpretation of *Chapman v. California*, 386 U.S. 18 (1967), and *Fahy v. Connecticut*, 375 U.S. 85 (1963), is misplaced, and the Court finds no error in the Magistrate Judge's findings and recommendations with respect to Petitioner's third and fourth grounds for relief. *See* (Doc. 22 PageID 1631-34); (Doc. 16 PageID 1410-15).

Objections 17 through 20 relate to Petitioner's fourth ground for relief. (Doc. 26 PageID 1677-86). Objection 17 fails, as it simply concludes that the Magistrate Judge was incorrect and does not provide any analysis to support that conclusion. (*Id.* PageID 1677). Objections 18, 19, and 20 also fail. Petitioner's interpretations of *Picard v. Connor*, 404 U.S. 270 (1971), *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam), *Dowling v. United States*, 493 U.S. 342 (1990), and assertion that his supplemental motion for a new trial cures his trial counsel's lack of contemporaneous objection do not convince the Court that the Magistrate Judge erred in finding that Petitioner did not fairly present ground four to the

state courts as a constitutional claim. *See* (Doc. 26 PageID 1613-21); (Doc. 16 PageID 1415-19).

Objection 22 relates to Petitioner's fifth ground for relief and fails, as Petitioner attempts to incorporate objections 4, 16, 17, 18, and 19 into objection 22, but does so without added argument and summarily concludes that the Magistrate Judge erred. (Doc. 26 PageID 1686-87); *cf. Aldrich*, 327 F. Supp. 2d at 747.

Objection 23 relates to Petitioner's sub-claim one in his sixth ground for relief. (Doc. 26 PageID 1687-88). The Court agrees with the Magistrate Judge, for the reasons that he provided, that this sub-claim is procedurally defaulted (Doc. 16 PageID 1422-23); (Doc. 22 PageID 1622-24).

Finally, the Court will overrule objection 13, in which Petitioner argues that the Magistrate Judge erred by finding that the resolution of the petition is not reasonably debatable and recommending denying a certificate of appealability. (Doc. 19 PageID 1602); *see* (Doc. 16 PageID 1424). Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, and after considering the matter on *de novo* review, the Court holds that Petitioner has not made such a showing and a certificate of appealability is not warranted.

### III. <u>CONCLUSION</u>

In light of the above, and having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 16) and Supplemental R&R (Doc. 22) to be thorough, well-reasoned, and correct. It is hereby **ORDERED** that the Magistrate Judge's R&R (Doc. 16) and

Supplemental R&R (Doc. 22) are **ADOPTED** in their entirety, and Petitioner's Objections (Docs. 19, 26) are **OVERRULED**. It is further **ORDERED** that Petitioner is denied a certificate of appealability as reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis* as the Court certifies that any appeal would be objectively frivolous. Petitioner's habeas proceeding is **CLOSED** and **TERMINATED** from the active docket of this Court.

  **IT IS SO ORDERED.**

              _/s Michael R. Barrett_____
              Michael R. Barrett, Judge
              United States District Court